Case 3:14-cr-00287-FLW   Document 183   Filed 01/14/15   Page 1 of 9 PageID: 1133



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

RECEIVED
JAN 14 2015
AT 8:30_____M
WILLIAM T. WALSH CLERK

*402 East State Street*
*Trenton, NJ 08608*

(609) 989-2020

RJG/PL AGR
2011R00273

December 30, 2014

Benjamin Brafman, Esq.
Brafman & Associates
767 Third Avenue
New York, New York 10017

CR 14-287-2 (FLW)

RECEIVED
JAN 14 2015
AT 8:30_____M
WILLIAM T. WALSH CLERK

Re: <u>Plea Agreement with Martin Wolmark</u>

Dear Mr. Brafman:

This letter sets forth the plea agreement between your client, Martin Wolmark, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on January 6, 2015, if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Martin Wolmark to a one-count Information that charges that from on or about August 7, 2013 to on or about October 9, 2013, Martin Wolmark conspired to travel in interstate commerce to commit a crime of violence (namely, extortion contrary to N.J.S.A. 2C:20-5), contrary to 18 U.S.C. § 1952(a)(2), in violation of 18 U.S.C. § 371. If Martin Wolmark enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Martin Wolmark for his involvement in a conspiracy to commit extortion between 2009 and 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Martin Wolmark agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of

limitations on the date this agreement is signed by Martin Wolmark may be commenced against him, notwithstanding the expiration of the limitations period after Martin Wolmark signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Martin Wolmark agrees to plead guilty carries a statutory maximum prison sentence of 5 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Martin Wolmark is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Martin Wolmark ultimately will receive.

Further, in addition to imposing any other penalty on Martin Wolmark, the sentencing judge: (1) will order Martin Wolmark to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Martin Wolmark to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Martin Wolmark, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Martin Wolmark to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Martin Wolmark be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Martin Wolmark may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously

imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Martin Wolmark by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Martin Wolmark's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Martin Wolmark agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Martin Wolmark from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to

questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Martin Wolmark waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Martin Wolmark understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Martin Wolmark understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Martin Wolmark wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Martin Wolmark understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Martin Wolmark waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Martin Wolmark. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Martin Wolmark.

No provision of this agreement shall preclude Martin Wolmark from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Martin Wolmark received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Martin Wolmark and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: R. JOSEPH GRIBKO
SARAH M. WOLFE
Assistant U.S. Attorneys

APPROVED:

HARVEY BARTLE, IV
Assistant U.S. Attorney
Attorney-in-Charge, Trenton Office

- 5 -

I have received this letter from my attorney, Benjamin Brafman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 1/9/15
Martin Wolmark

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 1-9-15
Benjamin Brafman, Esq.

- 6 -

Plea Agreement With Martin Wolmark

Schedule A

1. This Office and Martin Wolmark recognize that the United States Sentencing Guidelines are not binding upon the Court

2. The version of the United States Sentencing Guidelines effective November 1, 2014 applies in this case. The applicable guideline is U.S.S.G. § 2X1.1. This guideline carries the same base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense.

3. The applicable guideline for the substantive offense is U.S.S.G. § 2E1.2. This guideline carries a Base Offense Level of 6 or the underlying crime of violence, pursuant to U.S.S.G. § 2E1.2(a)(2). The underlying crime of violence is extortion, for which the applicable guideline is U.S.S.G. § 2B3.2, which carries a base offence level of 18. Accordingly, the base offense level is 18.

4. The offense involved an express or implied threat of death, bodily injury or kidnapping. The offense level is accordingly increased by 2 levels. U.S.S.G. § 2B3.2(b)(1)

5. The amount demanded was more than $10,000, but not more than $50,000. The offense level is accordingly increased by 1 level. U.S.S.G. § 2B3.2(b)(2) and U.S.S.G. § 2B3.1(b)(7)(B).

6. Martin Wolmark abused a position of trust in a manner that significantly facilitated the commission of the offense. The offense level is accordingly increased by 2 levels. U.S.S.G. § 3B1.3.

7. The parties do not agree as to the applicability of U.S.S.G. § 2B3.2(b)(3)(B), and both sides reserve the right to argue their respective positions at sentencing. The government's position is that the offense involved preparation to carry out a threat of serious bodily injury or kidnapping, which would result in a 3-level enhancement pursuant to U.S.S.G. § 2B3.2(b)(3)(B), and the defendant's position is that such enhancement does not apply.

8. As of the date of this letter, Martin Wolmark has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Martin Wolmark's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Martin Wolmark has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Martin Wolmark's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Martin Wolmark enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Martin Wolmark's acceptance of responsibility has continued through the date of sentencing and Martin Wolmark therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Martin Wolmark's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that (a) if the Court finds that U.S.S.G. § 2B3.2(b)(3)(B) (preparation) does not apply, the total Guidelines offense level applicable to Martin Wolmark will be 20, and that (b) if the Court finds that U.S.S.G. § 2B3.2(b)(3)(B) (preparation) does apply, the total Guidelines offense level applicable to Martin Wolmark will be 23 (collectively, the "agreed total Guidelines offense level").

11. The parties agree that they may not seek or argue for any upward or downward departure or adjustment not specifically set forth herein. However, the parties agree that either party may move for an upward or downward variance in accordance with the holding of <u>United States v. Booker</u>, 543 U.S. 220 (2005), and in so doing may argue that any sentence within the statutory range is reasonable pursuant to the provisions of 18 U.S.C. § 3553(a).

12. Martin Wolmark knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or

motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 20.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

        13.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.