# LEWIN & LEWIN LLP

Nathan Lewin
nat@lewinlewin.com

Alyza D. Lewin
alyza@lewinlewin.com

888 17th Street, N.W.
4th Floor
Washington, D.C. 20006
(202) 828-1000 phone
(202) 828-0909 fax
www.lewinlewin.com

February 20, 2015

**VIA EMAIL**
Honorable Freda L. Wolfson
U.S. District Court
Clarkson S. Fisher Federal Courthouse
402 E. States Street, Room 5050
Trenton, New Jersey 08608

   *Re: United States v. Epstein, et al., 14-287 (FLW)*

Dear Judge Wolfson:

  As counsel for defendant Binyamin Stimler we filed no additional Memorandum of Law in support of the RFRA motions that we filed on February 17, 2015 [Doc. No. 217]. In that regard, our legal position was fully stated in the initial Memorandum that we filed on January 1, 2015 [Doc. No. 159-1], and in the Reply Memorandum that we filed on January 23, 2015 [Doc. No. 188]. We understand that the government will be filing a response to the renewed motions today. If we find it necessary to file a Reply to the government's filing, we will do so promptly.

  There is, however, one additional point that emerged during yesterday's cross-examination that bears on the legal and constitutional validity of this prosecution that we wish to bring to the Court's attention and note for the record. During the cross-examination of the government's expert, we noted that Mr. Gribko had acknowledged declaring before the grand jury that Rabbi Epstein's rabbinical court had "issued contempt orders where it specifically says that in order to effectuate the Get the husband can in essence be beaten," that there is "a great amount of debate under Jewish law whether that's appropriate or not," and that "some other rabbinical schools say that is completely inappropriate under, under Jewish law." Gov't Exhibit J-FT-01, Grand Jury Transcript of November 7, 2013, p. 8. The government expert agreed during his testimony with this statement by the prosecutor.

  The undercover operation and the instant criminal prosecution proceeded on the basis of this choice by the prosecutor of the position that he believed more "appropriate" under Jewish law, even though he acknowledged that there is "a great amount of debate" regarding it. That is,



# LEWIN & LEWIN LLP

Honorable Freda L. Wolfson
February 20, 2015
Page Two

we submit, a constitutionally impermissible choice by a government agent, and the course followed by the government based on that choice violates both RFRA and the First Amendment. Trial of defendants who are prosecuted because their religious beliefs are deemed less "appropriate" necessarily involves the jury in the "forbidden domain" of evaluating the defendants' religious beliefs in violation of the Supreme Court's standards articulated in *United States v. Ballard*, 322 U.S. 78, 87 (1944).

            Respectfully submitted,

            s/ Nathan Lewin

            Nathan Lewin

cc: AUSAs Gribko & Wolfe
   All Defense Counsel